NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANZ GABRIEL NANTIPIA-VELECELA; ERIKA ROCIO OCHOA-BRITO; NANTAR ITZCHEL NANTIPIA-OCHOA,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 24-208<br><br>Agency Nos.<br>A220-236-565<br>A220-236-566<br>A220-236-567<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024**
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Franz Gabriel Nantipia-Velecela ("Franz"), the lead petitioner, Erika Rocio

Ochoa-Brito ("Erika"), Franz's wife, and their daughter (collectively,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Petitioners") are citizens of Ecuador, who entered the United States on August 20, 2021. Petitioners applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on harassment by Erika's father, Tulio, who disapproved of Franz and the couple's daughter for being Shuar Indians. Petitioners petition for review of the dismissal by the Board of Immigration Appeals ("BIA") of their appeal of an immigration judge's ("IJ") denial of their claims. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency decision. *Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir. 2005). We review legal questions de novo and factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

1. Substantial evidence supports the IJ's determination that Petitioners neither experienced persecution in Ecuador nor have a well-founded fear of future persecution. *See Singh v. Ashcroft*, 362 F.3d 1164, 1170 (9th Cir. 2004).

Petitioners did not suffer past persecution, so they are not entitled to a presumption of a well-founded fear of persecution. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004). Tulio's threats were not accompanied by "surrounding circumstances" that would compel finding his will or ability to

follow through. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (finding no persecution where petitioner did not know if hitmen "had ever carried out threats against" others and they "took no actions of violence" against petitioner or his family); *see also Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004) ("What matters is whether the group making the threat has the will or the ability to carry it out." (internal citations omitted)). While Tulio appeared at the family's home three or four times, banging on the doors and throwing rocks, this behavior did not rise to the level of violence or confrontations that this court has previously recognized to elevate threats to persecution. *See, e.g.*, *Del Carmen Molina v. I.N.S.*, 170 F.3d 1247, 1249 (9th Cir. 1999) (finding persecution where petitioner faced death threats from guerillas who had killed some of her family members); *Flores Molina v. Garland*, 37 F.4th 626, 635–36 (9th Cir. 2022) (finding persecution where petitioner was "publicly marked as a terrorist," repeatedly threatened with torture on social media, and "closely confronted and beaten").

Further, Petitioners have not provided any "credible, direct, and specific evidence in the record, that persecution is a reasonable possibility." *Agbuya v. I.N.S.*, 241 F.3d 1224, 1228 (9th Cir. 2001) (cleaned up). The couple has not been contacted by Tulio since he was served with a protective order against him, nor has Tulio bothered Franz's family—who are also Shuar Indians—in the same town. *See Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) ("Another recurring

factor that arises in our cases is harms that have befallen a petitioner's family members or close friends."). Thus, there is little evidence of an objectively reasonable fear that Tulio would continue his harassment if the family returned, let alone increase to the level of persecution. *Agbuya*, 241 F.3d at 1228. Moreover, substantial evidence supports the IJ's determination that the family could safely and reasonably relocate within Ecuador to escape Tulio's harassment. *See Kaiser*, 390 F.3d at 659.

2. The evidence does not compel the conclusion that Petitioners "more likely than not . . . will be tortured upon return to [their] homeland," *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021), "with the consent or acquiescence of a public official," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (internal citations omitted). Petitioners have not shown that they suffered extreme and inhumane treatment by Tulio, 8 C.F.R. § 208.18(a)(2), that Tulio is likely to escalate his behavior to torture if the family returns, or that they fear torture from anyone else.

Additionally, it is unknown why the police failed to respond to two calls regarding Tulio, so Petitioners have not shown government acquiescence. *Garcia-Milian*, 755 F.3d at 1034 ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). In fact, the record shows that Ecuadorian

authorities did help Petitioners by issuing a protective order against Tulio, and there is no evidence that the order would not be enforced. *Fernandez-Ramirez v. Barr*, 812 F. App'x 617, 618 (9th Cir. 2020) (finding the evidence of acquiescence "undermined by evidence showing that the police had issued a restraining order against the alleged persecutor in the past").

Lastly, evidence of Petitioners' ability to relocate within Ecuador also undermines their CAT claim. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

3. We do not review Petitioners' due process claim because they failed to raise the claim before the BIA. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024); *see also Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 780 (9th Cir. 2001) ("Sanchez-Cruz's failure to exhaust her administrative remedies on the issue of whether she was denied a full and fair hearing before a neutral fact-finder prevents us from exercising judicial review of this question.").

**PETITION DENIED.**